UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RANDOL BOOKER, ET AL**          **CIVIL ACTION**

**vs.**                            **NO. 2:13-cv-06503**

**CLARENCE WALLS, JR., ET AL**     **SECTION "C"**

## ORDER AND REASONS

Before this Court is the plaintiffs', Randol, Clarence, and Charles Booker, motion to remand to state court. Rec Doc. 8. Defendants, Clarence Walls and Clarence Walls, Jr., *pro se*, oppose this motion and additionally request summary judgment (or alternatively a prescriptive easement) and the removal of plaintiff's counsel for conflict of interest. Rec. Doc. 14. Having considered the record, the memoranda of the parties, and the law, the Court hereby GRANTS plaintiffs' motion to remand.

## I. BACKGROUND

This case involves a dispute over property ownership. The three plaintiffs allegedly each own a one-ninth (1/9th) share of a piece of property in Hammond, LA. Rec. Doc. 6-1 at 4. The defendants allegedly each own a one-third (1/3d) share of the property. *Id.* Plaintiffs seek to partition the property in kind, initially filing suit in state court on March 13th 2012. *Id.* at 5. Defendants contest that plaintiffs do not own any share(s) of the property, challenging their ability to partition the property. Rec. Doc. 14 at 5. Defendant Clarence Walls Jr. filed a notice of removal on November 4th 2013. Rec. Doc. 8 at 1. Plaintiffs subsequently filed a motion to remand on April 22, 2014. *Id.*

## II. STANDARD OF REVIEW

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." 28 U.S.C. § 1332(a)(1). The defendants, the removing parties, "bear the burden of showing that federal jurisdiction exists" *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citation omitted). Diversity jurisdiction requires complete diversity. *Strawbridge v. Curtiss*, 7 U.S. 267, 2 L.Ed. 435 (1806). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks omitted) (quoting *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1986)). A court "may look to any record evidence" to determine the citizenship of the parties. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). "A United States citizen who is domiciled in a state is a citizen of that state." *Id.* (citation omitted). A court may look to a number of factors to determine a person's domicile, including places where the party "pays taxes, owns real and personal property, has driver's and other licenses . . . has places of business or employment . . . ." *Id.* at 251. "No single factor is determinative." *Id.*

### III. LAW AND ANALYSIS

Defendant Walls Jr. asserted in his notice of removal that he is a citizen of Texas.[1] Rec. Doc. 3 at 1. He claims that the parties are diverse on the basis of his alleged Texas citizenship and Clarence Booker's California citizenship. *Id.* However, he does not allege the citizenship of the other parties. *Id.* Courts may grant defendants the opportunity to "cure defective allegations

---

[1] Clarence Walls, Jr. is currently incarcerated in Federal Prison in Beaumont, Texas, but was allegedly previously domiciled in Louisiana. Rec. Doc. 8-1. Courts generally look to the individual's expressed intent to determine the citizenship of those currently incarcerated in one state who previously resided in another. *See generally Ronald Alexander Leblanc Trust v. Ransom*, 276 F. Supp. 2d 647, 652 (S.D. Tex. 2003).

of jurisdiction… including the failure to specifically allege the citizenship of parties." *Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010) (citations omitted). However, the record indicates that this would be unavailing for the defendants. Plaintiffs Randol Booker and Clarence Booker are allegedly Louisiana residents, while Charles Booker is allegedly a California resident. Rec. Doc. 8-1. They contend that Clarence Walls is domiciled in Louisiana, defeating diversity. *Id.* The plaintiffs filed an affidavit along with their motion to remand alleging that Clarence Walls Sr. has resided in Hammond Louisiana for over twenty years. Rec. Doc. 8-3. Defendant Clarence Walls, Jr. concedes this fact. Rec. Doc. 14 at 5 ("[A]s Plaintiffs [sic] Affidavit confirms Clarence Walls, Sr., has resided at 44100 Hood Road, Hammond, Louisiana 70401, (the Subject Property), for over twenty (20) years."). Furthermore, in their opposition to remand, the defendants do not dispute the citizenship of the plaintiffs nor do they allege any facts pertaining to Walls Sr.'s citizenship. *See Id.* Based on the evidence presented by both parties, Wall Sr. is a citizen of Louisiana.

The fact that courts "liberally construe the filings of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," does not alleviate the defendants' burden to prove, "by a preponderance of the evidence," the existence of diversity jurisdiction. *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 402-03 (5th Cir. 2013) (internal quotation marks and citations omitted). Thus, because the fact that at least one of the defendants and two of the plaintiffs are citizens of Louisiana is not in dispute, this Court lacks jurisdiction and must remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."). Lacking subject matter jurisdiction this Court does not consider defendants' motion for summary judgment and additional requests for relief.

Accordingly,

IT IS ORDERED that plaintiff's Motion to Remand is hereby GRANTED. Rec Doc. 8.

New Orleans, Louisiana this 2nd day of July, 2014.

                                              **HELEN G. BERRIGAN**
                                              **UNITED STATES DISTRICT JUDGE**